UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY DICKERSON,<br><br>  Plaintiff,<br><br>  v.<br><br>HIGH DESERT STATE PRISON, et al.,<br><br>  Defendants. | No. 2:24-cv-00589-EFB (PC)<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), he also filed an application to proceed in forma pauperis (ECF No. 2). The court will grant his application and screen the complaint.

<u>Application to Proceed in Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2), that plaintiff is unable to prepay fees and costs or give security therefor. Accordingly, plaintiff's motion for leave to proceed in forma pauperis is granted.

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of

the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id*. § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plain statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff sues High Desert State Prison (HDSP) and B. Wheeler, the Americans with Disabilities Act (ADA) Coordinator at HDSP.  ECF No. 1 at 1, 2.  Plaintiff alleges he has mobility, hearing, and vision impairments.  Prior to May 2023 he was at Delano State Prison (DSP).  Plaintiff claims that when he entered prison he was able to walk with the aid of a

prosthesis (a "good leg") that was taken from him by DSP. *Id*. at 3. Unnamed officials at DSP provided plaintiff with a new prosthesis, but it was 4 inches too short and so plaintiff had to use a wheelchair. Plaintiff was transferred to HDSP in May 2023, where other unnamed officials provided a second prosthesis without measuring or casting. The second prosthesis was also unsuitable and plaintiff continues to require a wheelchair for mobility. Plaintiff alleges CDC[1] has discriminated against him because of his disability, and that "CDC is mad" because he has filed too many grievances for medical-related issues.

Plaintiff complains he has been without physical therapy at HDSP for over ten months. Plaintiff alleges that defendant Wheeler told plaintiff he would be transferred from HDSP because HDSP cannot provide physical therapy.

Plaintiff alleges that he was wrongly written up with a false referral to the district attorney because he failed to attend a medical appointment in February 2024. He alleges he missed the appointment because unidentified staff attempted to take him to the appointment several hours early which would have caused plaintiff to miss educational classes, or alternatively plaintiff may be alleging a misunderstanding or disagreement about the scheduled time for the appointment.

ADA Discrimination

To state a claim of disability discrimination under Title II of the ADA, a plaintiff must allege four elements: (1) that he is an individual with a disability (2) who was otherwise qualified to participate in or receive the benefits of some public entity's services, programs, or activities, (3) but was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity (4) by reason of the disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *see also Thomas v. Pennsylvania Dep't of Corrections*, 615 F. Supp. 2d 411, 425-26 (W.D. Pa. 2009) (prison did not violate the ADA by providing a replacement prosthetic leg that was inferior to the old prosthesis, because prison did provide accommodation that allowed plaintiff to participate in his desired programs and only one type of prosthesis was provided without discrimination). An

---

[1] The Court infers Plaintiff's use of the abbreviation "CDC" to reference the California Department of Corrections and Rehabilitation.

evaluation of a prisoner's specific disability needs may be necessary for ADA compliance. *Wright v. New York State Dep't of Corrections*, 831 F.64, 78 (2d Cir. 2016) (request for a motorized wheelchair by prisoner with cerebral palsy and scoliosis was a non-frivolous accommodation that should not have been denied without an individualized inquiry into its reasonableness).

The proper defendant in an ADA Title II action is the public entity responsible for the alleged discrimination, including state prisons. *United States v. Georgia*, 546 U.S. 151, 153 (2006); *Pennsylvania Dep't of Corrs. v. Yeskey*, 524 U.S. 206, 210 (1998). Individuals do not have liability for discrimination under the ADA. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Wheeler, as an individual person, is not a proper defendant as to any ADA claim plaintiff may wish to assert. Further, plaintiff fails to state an ADA claim against the HDSP because he fails to allege he was excluded from participation in or denied the benefits of any HDSP services, programs, or activities that plaintiff was otherwise qualified to participate in or receive the benefits of, and plaintiff fails to allege that the HDSP otherwise discriminated against him by reason of his disability. For all these reasons, the complaint fails to state an ADA claim against either named defendant.

Eighth Amendment

To succeed on an Eighth Amendment claim predicated on deliberate indifference to medical need, a plaintiff must establish that: 1) he had a serious medical need; and 2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a prison official named as a defendant will be liable for violating the Eighth Amendment if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847; *see also Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014).

////

The prison official is only liable, however, if the "culpable action, or inaction[] is directly attributed to them" *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). Further, a plaintiff must have suffered some type of pain or harm that is more than de minimis in order to implicate the Eighth Amendment. *See, e.g.*, *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) ("delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference … unless the denial was harmful").

Plaintiff's complaint implies two distinct, but insufficiently alleged, potential Eighth Amendment claims for deliberate indifference to serious medical needs. First, plaintiff alleges insufficient efforts to provide ambulation assistance in that the protheses provided at DSP and at HDSP were both defective. Ambulation assistance is a serious medical need. *See Yglesias v. Patel*, No. 1:17-cv-01282-LJO-GSA-PC, 2019 WL 2207665, at *3 (E.D. Cal. May 22, 2019) (prisoner who required a walker demonstrated a serious medical need); *see also McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) ("a medical condition that significantly affects an individual's daily activities" is an indication of a "'serious' need for medical treatment"). As with other types of Eighth Amendment claims for deliberate indifference to medical needs, a prisoner does not state a claim by merely disagreeing with the type of mobility assistance provided to him. *See Culver v. Sanders*, 608 F. Supp. 3d 1171, 1181 (N.D. Fla. 2022) (prison's decision to provide a walker instead of a rollator was not "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable or fundamental fairness" (citation and internal quotation marks omitted)).

Plaintiff does not allege that he was denied a means of ambulation, nor even that any defendant denied him a prosthesis. Plaintiff instead alleges that he has a wheelchair and that there have been two unsuccessful attempts to provide a prosthesis. Wheeler is the only prison official named in the complaint, but plaintiff fails to allege that Wheeler had any role in supplying the inadequate HDSP prosthesis or the inadequate DSP prosthesis. Nor does he allege facts demonstrating that Wheeler was deliberately indifferent to plaintiff's medical needs. Plaintiff also has not alleged any harm resulting from failures – or perhaps merely delays – in obtaining a

5

1    satisfactory prosthesis, nor has he alleged that using a wheelchair for ambulation is anything more
2    than a de minimis pain or harm.
3        Second, plaintiff alleges he has not been provided physical therapy for ten months and that
4    Wheeler promised plaintiff a transfer out of HDSP, impliedly to a facility where plaintiff would
5    receive physical therapy.  Because this potential claim concerns custody and housing decisions,
6    the court also reviews the allegations under the general Eighth Amendment standard for non-
7    medical claims.  A prison official violates the Eighth Amendment prohibition against cruel and
8    unusual punishment "only when two requirements" – one objective, one subjective – "are met."
9    *Farmer*, 511 U.S. at 834.  Under the objective prong, the inmate must show that he is incarcerated
10   under conditions posing a substantial risk of serious harm.  *Id*. at 833, 837.  Under the subjective
11   prong, a plaintiff must show that the prison official knows the prisoner faces a substantial risk of
12   serious harm and fails to take reasonable measures to abate the harm.  *Id*. at 825.  Subjective
13   awareness may be shown by how obvious the risk is.  *Id*. at 842.  Deliberate indifference "is
14   shown adequately when a prison official is aware of the facts from which an inference could be
15   drawn about the outstanding risk, and the facts permit us to infer that the prison official in fact
16   drew that inference, but then consciously avoided taking appropriate action." *Disability Rts.*
17   *Mont., Inc. v. Batista*, 930 F.3d 1090, 1101 (9th Cir. 2019).
18       Plaintiff fails to allege facts showing that he has a serious medical need for physical
19   therapy.  Even if plaintiff potentially has a serious medical need for physical therapy, HDSP is
20   not an appropriate defendant to an Eighth Amendment claim because deliberate indifference can
21   only be attributed to an individual and not to a prison facility.  Plaintiff fails to allege facts
22   showing that Wheeler's response to an allegedly serious medical need for physical therapy was
23   deliberately indifferent from either a medical or a non-medical perspective.  Plaintiff also does
24   not allege that Wheeler had actual authority to transfer plaintiff to another facility based on a
25   serious medical need for physical therapy.  For all these reasons, the complaint fails to state an
26   Eighth Amendment deliberate indifference claim against either defendant.
27   ////
28   ////

Retaliation

An inmate's First Amendment claim of retaliation requires the inmate to show: "(1) [a]n assertion that a state actor took some adverse action against the inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citation omitted). The inmate must show evidence of retaliatory motive that is not merely pretextual. *Long v. Sugai*, 91 F.4th 1331, 1339 (9th Cir. 2024). A mere sequence of events is insufficient to show retaliatory motive. *Id*. As to the last factor, legitimate correctional goals include maintaining order and safety within the prison. *Sandin v. Conner*, 515 U.S. 472, 482-83 (1995).

Plaintiff's complaint suggests two possible, but insufficiently pled, retaliation claims. First, plaintiff alleges unidentified staff (not defendant Wheeler) made an untrue disciplinary report and a referral to the district attorney. The complaint does not describe the nature of the disciplinary report or the referral, but implies that they were related to a missed medical appointment. Plaintiff alleges that staff arrived hours early to escort him to his appointment, while plaintiff was attending educational classes. Plaintiff apparently refused to leave his class and be escorted to the appointment. Plaintiff alleges that staff did not return to escort him at the appointed time, so he missed the appointment. He did attend a re-scheduled appointment three days later. The complaint fails to allege that plaintiff's refusal to leave class when the escort arrived was protected First Amendment conduct, or that a disciplinary report based on such a refusal did not reasonably advance a legitimate correctional goal.

Second, plaintiff alleges that the CDC is "mad" because of his medical grievances. ECF No. 1 at 3. Filing grievances is protected First Amendment conduct. *Rhodes*, 408 F.3d at 567. However, the complaint fails to describe any adverse action against plaintiff because of his grievances, fails to name as a defendant any individual responsible for such adverse action, and fails to allege that plaintiff's First Amendment rights were chilled.

The ADA also separately provides a cause of action for retaliation, 42 U.S.C. § 12203(a), requiring a plaintiff to show "(1) involvement in a protected activity, (2) an adverse [] action and

(3) a causal link between the two." *Coons v. Secretary of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (citation and internal quotation marks omitted); *see also Liu v. DeJoy*, 664 F. Supp. 3d 1030, 1052 (C.D. Cal. 2023) ("29 U.S.C. section 791(f) makes the ADA's non-retaliation provisions applicable to the Rehabilitation Act"). Requesting accommodation is protected activity under the ADA, even if the individual is not disabled within the meaning of the ADA. *Liu*, 664 F. Supp. 3d at 1052, 1053. The complaint perhaps implies that plaintiff's medical grievances related to his impairments or requested accommodations for them, but otherwise fails to allege any adverse action or any causal link between the grievances and an adverse action. For all these reasons, the complaint fails to state a First Amendment or ADA retaliation claim against either defendant.

Due Process

Plaintiff alleges an untrue write-up and district attorney referral, apparently regarding his refusal to be escorted to a medical appointment. Because the complaint does not adequately describe the referral or why it was not true, it is unclear what sort of claim plaintiff might be able to allege based on his allegation. To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). Plaintiff does not allege whether he experienced any adverse consequence as a result of the allegedly untrue write-up and referral or any deprivation of a constitutionally protected liberty or property interest and a denial of adequate procedural protections. For all these reasons, the complaint fails to state a due process claim based on the "not true" write-up and district attorney referral.

Loss of Property

The complaint alleges that DSP "took" plaintiff's "good" prosthesis but does not allege any of the circumstances surrounding this event and does not allege any claim against any DSP defendant. ECF No. 1 at 3. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is

8

available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1143, 1149 (9th Cir. 1987).  The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, *et seq*.  Since plaintiff does not allege any attempt to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law.  The court concludes that this claim must, therefore, be dismissed as frivolous.  *See* 28 U.S.C. § 1915(e)(2).

<u>Leave to Amend</u>

Plaintiff's complaint is dismissed with leave to amend.  If plaintiff chooses to file an amended complaint, he should note that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  The amended complaint must contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).  The amended complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights.  The court will not infer the identity of defendants, nor the existence of allegations that have not been explicitly set forth in the amended complaint.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Nor may he bring multiple, unrelated claims against more than one defendant.  *Id*.  The amended complaint should include only claims that are related because they concern the same event (or series of related events) or the same defendant.

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff's complaint (ECF NO. 1) is DISMISSED with leave to amend within 30 days of services of this order; and

3. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

Dated: November 13, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE